## Garabrant *vs* Vaughn.

ERROR TO THE JEFFERSON CIRCUIT.

*Estrays. Pleading. Lien.*

JUDGE EWING delivered the Opinion of the Court.

DETINUE.

*Case* 109.

*May* 7.

The case stated, and judgment of the Circuit Court

THIS is an action of detinue instituted by Garabrant against Vaughn for a horse. Vaughn pleaded that said horse had strayed away from his owner, and he had taken him up and posted him as a stray and paid all fees and charges, setting forth facts in his plea showing his qualification to take up, and that he had been rightly and legally taken up, valued and posted, and that the plaintiff had refused to pay the legal fees and charges for taking up, and reasonable charges for keeping the horse. The plaintiff demurred to this plea, which was overruled by

The taker up of an estray has a lien on the property for the fees, and reasonable costs and charges of feeding, and cannot be divested of the possession until such are paid.

the Court, and standing by his demurrer he has brought the case to this Court.

We think the demurrer was properly overruled. The steps required by the statute to be taken by the taker up of an estray, and for the benefit of the owner, and in taking them the taker up is legally subjected to costs and charges, and is entitled to a fixed fee for his trouble as well as to all reasonable charges. He has a right to have these costs and charges refunded and paid to him, and is not bound to surrender the possession of the property taken up until they are paid, nor has the owner a right to the possession until they are paid. The taker up has as much right to a lien upon the horse, for their repayment, as the tavern keeper has upon the horse committed to his care and keeping. The services of each are for the benefit of the owner; each are legally subjected to charges, and each are legally bound to feed and take proper care of the horse.

Judgment affirmed, with costs.

*Loughborough* for plaintiff; *Duncan* for defendant.